UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

            Plaintiff,

vs.                                 CASE NO: 06-CR-20624

STEVEN AGNEW,

            Defendant.

_____/

**AMENDED SECOND ORDER CONCERNING SENTENCING MATTERS**

This matter is before the court for sentencing on June 7, 2007. The court and the parties have received the Presentence Report, and

IT IS HEREBY ORDERED as follows:

**1. UNRESOLVED PRESENTENCE REPORT ISSUES.** There are no unresolved presentence report issues, and no objections have been filed by either party. The court intends to accept the Report and its Sentencing Guidelines calculations.

**2. PRESENTENCE BRIEFING.** The court has received a presentence brief from Defendant, and reviewed the same. No presentence brief has been filed by the government. No exhibits or other material has been submitted to the court either in chambers or by filing the same. NO NEW MATERIAL SUBMITTED ON THE DAY OF SENTENCING WILL BE CONSIDERED, absent extraordinary circumstances.

**3. VARIANCE OR DEPARTURE MOTIONS.** No variance or departure motions have been filed within the time provided, thus indicating that neither party has identified any reason that would justify either a departure or a variance. The court likewise finds no reason to either depart or vary from the correctly calculated Guideline range.

**4. DEFENSE COUNSEL'S ALLOCUTION.** Defense counsel will be invited to

1

allocute first, limited to **SEVEN MINUTES.**

5. **DEFENDANT'S ALLOCUTION.** Defendant will be invited to allocute, limited to **SEVEN MINUTES.**

6. **GOVERNMENT COUNSEL'S ALLOCUTION.** Government counsel will be invited to allocute, limited to **SEVEN MINUTES.**

7. **SUPPORTING AND OTHER LETTERS.** The court has received certain supportive, victim or other letters. Either the Probation Officer or counsel have circulated the same to all parties. The court will have read the supportive, victim or other letters before the time of sentencing, and will not rely for sentencing decisions upon any materials not first circulated or otherwise revealed to the parties.

8. **VICTIM'S ALLOCUTION.** This case is not one identified by Fed. R. Crim. P. 32(i)(4)(B)[1] as permitting a victim to directly address the court at sentencing. However, 18 U.S.C. § 3771 permits a victim of crime "[T]he right to be reasonable heard at any public proceeding in the district court involving . . . sentencing . . . ." 18 U.S.C. § 3771(a)(4). A "crime victim" is "a person directly and proximately harmed as a result of the commission of a Federal offense . . . . " 18 U.S.C. § 3771(e). Accordingly, a person who is a crime victim and is present at sentencing will be invited to allocute, limited to **FOUR MINUTES,** or as otherwise ordered by the court in the event that this case involves multiple crime victims and it appears necessary to "fashion a reasonable procedure . . . that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

---

[1] "Before imposing sentence, the court must address any victim of a crime of violence or sexual abuse who is present at sentencing and must permit the victim to speak or submit any information about the sentence." Fed. R. Crim. P. 32(i)(4)(B).

2

     s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

June 7, 2007